UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINALD CUPID NOBLE, ESTATE TRUST, JAMES CUPID NOBLE, ESTATE, Prime Minister, Noble: Judah A. Bey Isra'el of the Shaykamaxum Republic A Aboriginal Indigenous Government On behalf as General Executor<br><br>Plaintiff,<br><br>v.<br><br>RON THALHEIMER, SENIOR VICE PRESIDENT, Account Maintenance, D/B/A Fidelity Investment, et al.,<br><br>Defendants. | Civil Action No. 12-cv-04198 (KM)<br><br>OPINION |

**MCNULTY**, District Judge

    This matter comes before the Court on Defendant Ronald Thalheimer's motion to dismiss the Amended Complaint and to quash subpoenas. After reviewing the Amended Complaint and various other responsive pleadings filed by Plaintiff Reginald Cupid Noble,[1] I cannot discern a valid claim for relief. Accordingly, for the reasons discussed below, Defendant's motion to dismiss the Amended Complaint is **GRANTED WITH PREJUDICE**. The accompanying motion to quash subpoenas is **DISMISSED AS MOOT**.

    **I.    Background**

    On July 9, 2012, Plaintiff *pro se* filed a complaint (the "original Complaint") and a Motion for Default Judgment that was premature because Defendant's time to respond had not yet expired. In response to Plaintiff's

---

[1] In his pleadings, Plaintiff refers to himself as "His Imperial Majesty, Emperor, Judah Abrahim Bey Isra'el Of the Shaykamaxum Atlan Amexem Empire, A Original Indigenous Nation" and as the "General Executor for the Estate Trust of Reginald Cupid Noble, James Cupid Noble." Defendant submits that "Judah A. Bey Isra'el is an alias of Reginald Cupid Noble" and that James Cupid Noble is the late father of Reginald Cupid Noble. See Brief in Support of Defendant's Motion to Dismiss (ECF No. 32-1) ("2nd MTD"), fn 1.

Complaint, Defendant filed a Motion to Dismiss ("1st MTD") based on (i) the Court's lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); (ii) insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5); and (iii) Plaintiff's failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 13.

I granted Defendant's Motion to Dismiss, finding that, even allowing for liberal construction of pro se pleadings, the Court could not discern what legal injury, if any, Plaintiff was alleging. The complaint lacked "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). *See* Order of September 25, 2012 (ECF No. 22). My dismissal, however, was without prejudice. My order granted Plaintiff leave to file an amended complaint, and instructed that any amended complaint should "state plainly and in brief the grounds upon which he is suing, or risk dismissal of his amended complaint WITH PREJUDICE." *Id*.

On October 22, 2012, Plaintiff filed a document entitled "Affidavit of Amended Complaint" accompanied by three supporting exhibits. *See* ECF No. 25. The Court considers this to be Plaintiff's Amended Complaint ("Pl. Compl." or "Amended Complaint"). Before Defendant's deadline to answer or move, Plaintiff filed two additional pleadings without leave of court: the first entitled "Praecipe, Affidavit for Settlement Hearing" on November 16, 2012 (ECF No. 28), and the second entitled "Affidavit for Default Judgment" on November 19, 2012 (ECF No. 29). On November 21, 2012, Defendant's Counsel submitted a letter indicating that it had received electronic notification of Plaintiff's Amended Complaint and subsequent filings, but that Defendant had not been properly served. *See* Defendant's Letter of November 21, 2012 (ECF No. 30). The Court's records indicate that while it appears that Plaintiff, by certified mail, did provide Defendant's counsel, Bressler, Amery & Ross, and Defendant, Ronald Thalheimer, with a copy of the Amended Complaint, a summons was never issued. In addition, Plaintiff apparently has issued subpoenas duces tecum for Defendant Ronald Thalheimer and Defendant's Counsel, Bressler, Amery & Ross, Esq. *See* ECF No. 41.

On December 14, 2012, Defendant filed the present Motion to quash subpoenas and to dismiss the Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 32 and 32-1.

Thereafter, Plaintiff filed several more documents: (1) "Notice of Default, of Praecipe and Contempt of Subpoena, non-Response Affidavit of Private Criminal Complaint," on December 18, 2012 (ECF No. 36); (2) "Affidavit of Private Criminal Complaint Amended Complaint with 3 added Defendant(s)" on January 4, 2013 (ECF No. 37); (3) "Affidavit Writ of Error" on January 7, 2013

(ECF No. 39). To the extent that these filings relate to the issues at hand, the Court will consider them to be Plaintiff's Response to the motion.

## II. Legal Standards

### a. Plaintiff's Motion to Dismiss

In order for Plaintiff's Amended Complaint to state a valid claim for relief, it must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

Fed. R. Civ. P. 8(a).

#### i. Dismissal pursuant to Rule 12(b)(2)

Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2001). While a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff, *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002), the court must still examine any evidence presented with regard to disputed factual allegations. *See, e.g., Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155-56 (3d Cir. 2010) (examining the evidence supporting the plaintiff's allegations); *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990) ("'A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.'") (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

#### ii. Dismissal pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a *pro se* complaint, the Court must construe it liberally in favor of the plaintiff.

*Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Liberal construction does not, however, require the Court to credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A pro se complaint may be dismissed for failure to state a claim only if the allegations set forth by the plaintiff cannot be construed as supplying facts in support of a claim that would entitle the plaintiff to relief. *See Millhouse v. Carlson,* 652 F.2d 371, 373 (3d Cir. 1981).

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin,* 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.,* 542 F.3d 59, 64 (3d Cir. 2008).

### III. Discussion

Despite his prolific filings, Plaintiff has not cured the defects in his original complaint.

It appears from a very liberal reading of the Amended Complaint that Mr. Noble, a/k/a Prime Minister Judah Abraham Bey Isra'el, is alleging that Fidelity Investments holds two accounts for which Plaintiff is "the Power of Attorney and General Executor." *See* Compl. ¶ 14 ("It is clear that Judah A. Bey Isra'el is the Power of Attorney and General Executor CAF# 0308-29298R over REGINALD CUPID NOBLE, ESTATE and JAMES CUPID NOBLE, ESTATE (Respectfully)"). According to Plaintiff, "the amount of the account of the REGINALD C. NOBLE ESTATE TRUST is, 720,947,425.87 as of 05/31/2012 with a Median Market Cap of 24.29 Billion" and "the amount of the account of JAMES C. NOBLE ESTATE TRUST is, 570,071,897.00 as of 05/31/2012 with a Average Market Cap 24-27 Billion with a Net Asset Category of 2.1 Billion." Pl. Compl. ¶ 20-21. In support of these statements, Plaintiff attaches what appear to be print-outs from Fidelity Investments' website providing examples of the securities in which Fidelity's funds may invest, but nothing relating to any specific account. Plaintiff appears to contend that Fidelity, and specifically Defendant Thalheimer, have denied him access to these accounts, and therefore "have committed Fraud, Extortion Identity Theft, Theft by deception." Compl. ¶¶1-5, 22.

The Amended Complaint does not set forth "a short and plain statement of the grounds for the court's jurisdiction [or] a short and plain statement of the claim showing that [Plaintiff] is entitled to relief" as required by Fed. R. Civ. P. 8(a). Plaintiff has not plausibly alleged any facts, nor do his many submissions contain any evidence, establishing that he has a direct or indirect interest in any account at Fidelity Investments. If he truly had any legal or equitable interest in accounts totaling 1.2 billion dollars, such a specific allegation would not be hard to make, and such evidence would not be hard to find. Plaintiff has not plausibly alleged any facts or submitted any evidence establishing that he has Power of Attorney or is the Executor of any Estate Trust held or controlled by Fidelity Investments. Plaintiff's miscellaneous filings refer to additional allegations against "3 Added Defendants," but these are merely additional employees of Fidelity and Defendant's law firm; even if permitted, these additional allegations would not change the analysis. Plaintiff has not cited a valid legal basis for relief, and I can discern none.

In addition, Plaintiff has not pleaded or otherwise set forth any facts establishing that the Court can assert personal jurisdiction over Defendant Ronald Thalheimer, a resident of Massachusetts who works in Rhode Island and who has had limited contacts with New Jersey. *See* 1st MTD at 5.

In short, I find that Plaintiff's Amended Complaint "cannot be construed as supplying facts in support of a claim that would entitle the plaintiff to relief." *Millhouse,* 652 F.2d at 373. Accordingly, I will **GRANT** Defendant's Motion to Dismiss the Complaint. This dismissal is **WITH PREJUDICE**, because Plaintiff has been given the opportunity to remedy the defects in his complaint, but has failed to do so, and further amendments would appear to be futile. *See* Fed. R. Civ. P. 15(a). The accompanying motion to quash subpoenas is **DISMISSED AS MOOT**, because such subpoenas have no force and effect in light of the dismissal of the Amended Complaint.

An appropriate Order follows.

Dated: January 31, 2013

_____
HON. KEVIN MCNULTY
United States District Judge